AUSTIN B. KENNEY (State Bar No. 242277)
abk@severson.com
BERNARD J. KORNBERG (State Bar No. 252006)
bjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Ocwen Loan Servicing, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Tidra Corporation dba West Wind Karate,<br><br>    Debtor. | Case No. 15-41595 WJL<br><br>Chapter 7<br><br>Adv No. 17-04027 |
| Marlene G. Weinstein, Chapter 7 Trustee<br><br>    Plaintiff,<br><br>  vs.<br><br>Wells Fargo Bank, N.A. et al.,<br><br>    Defendant. | **OCWEN LOAN SERVICING, LLC'S ANSWER TO COMPLAINT** |

    Defendant Ocwen Loan Servicing, LLC ("Ocwen") admits and denies the allegations set forth in plaintiff Marlene G. Weinstein, Chapter 7 Trustee's ("Trustee") adversary complaint ("Complaint") as follows:

**General Allegations**

    1.    Admit.

    2.    Neither admit nor deny the allegation as the allegation is a legal conclusion.

    3.    Neither admit nor deny the allegation as the allegation is a legal conclusion,

    4.    Neither admit nor deny the allegation as the allegation is a legal conclusion.

5. Neither admit nor deny the allegation as the allegation is a legal conclusion.

6. Ocwen consents to entry of a final order or judgment by the Bankruptcy Court.

7. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

8. Admit.

9. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

10. Admit.

11. Admit that debtor Tidra Corporation ("Debtor") is not a co-borrower on the subject loan and is not a written guarantor of the loan. Ocwen has insufficient information to either admit or deny the remaining allegations of this paragraph and on that basis denies the remaining allegations.

12. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

13. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

14. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

15. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

16. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

17. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

**First Claim For Relief: Avoidance And Recovery Of Fraudulent Transfers**

18. Ocwen reincorporates its responses in the prior paragraphs of this answer.

19. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

20. Neither admit nor deny the allegation as the allegation is a legal conclusion.

21. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

**Second Claim For Relief: Avoidance And Recovery Of Fraudulent Transfers**

22. Ocwen reincorporates its responses in the prior paragraphs of this answer.

23. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

24. Neither admit nor deny the allegation as the allegation is a legal conclusion.

25. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

26. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

**Third Claim For Relief: Avoidance And Recovery Of Unauthorized Post-Petition Transfer**

27. Ocwen reincorporates its responses in the prior paragraphs of this answer.

28. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

29. Neither admit nor deny the allegation as the allegation is a legal conclusion.

30. Ocwen has insufficient information to either admit or deny this allegation and on that basis denies the allegation.

**TRUSTEE'S REQUEST FOR RELIEF**

Answering Trustee's Request for Relief, Ocwen denies each and every allegation set forth therein. Ocwen further denies any wrongdoing whatsoever, and denies that Trustee is entitled to any relief from Ocwen.

**AFFIRMATIVE DEFENSES**

Furthermore, Ocwen asserts each of the following separate and independent affirmative defenses, each of which hereby incorporates by reference the allegations set forth above:

## FIRST AFFIRMATIVE DEFENSE
(Statute of Limitations)

Trustee's claims for relief are barred as untimely as past the deadline imposed by their respective statute of limitations.

## SECOND AFFIRMATIVE DEFENSE
(No Transfer to Ocwen)

Trustee's Claims for Relief are barred as Ocwen was not a transferee of any payments made by Debtor.

## THIRD AFFIRMATIVE DEFENSE
(Transfers Authorized by Court)

Trustee's Claims for Relief are barred as the transfers were authorized by the Court by the Order Approving Compromise dated March 30, 2017.

## FOURTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

Ocwen currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Ocwen expressly reserves its right to assert additional affirmative defenses in the event that discovery indicates other affirmative defenses would be appropriate.

## PRAYER

Wherefore, having fully answered the Complaint of the Trustee, Ocwen requests that the Court enter judgment in favor of Ocwen (i) dismissing the Complaint, (ii) awarding costs to Ocwen, and (iii) granting such other and further relief as is just in the circumstances.

DATED: June 19, 2017

SEVERSON & WERSON
A Professional Corporation

By: /s/ Bernard J. Kornberg
Bernard J. Kornberg

Attorneys for Ocwen Loan Servicing, LLC.

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On June 19, I served true copies of the following document(s):

**OCWEN LOAN SERVICING, LLC'S ANSWER TO COMPLAINT**

on the interested parties in this action as follows:

•Charles P. Maher    cmaher@rinconlawllp.com, rincon2016@gmail.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 19, 2017, at San Francisco, California.

/s/ Bernard J. Kornberg
Bernard J. Kornberg